IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HUBERT J. PETERSON, :
:
Plaintiff, :
:
v. : Civ. No. 13-1687-RGA
:
CORRECT CARE SOLUTIONS, LLC :
et al., :
:
Defendants. :

---

Hubert J. Peterson, Dover, Delaware. Pro Se Plaintiff.

Daniel A. Griffith, Esquire. Whiteford, Taylor & Preston, LLC, Wilmington, Delaware. Counsel for Defendants Correct Care Services, LLC, Dr. Laurie Spraga, and Robert Davenport.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Sgt. Doane.

**MEMORANDUM OPINION**

September 29, 2014
Wilmington, Delaware

**ANDREWS, U/S. District Judge:**

Plaintiff Hubert J. Peterson was an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware when he filed this action pursuant to 42 U.S.C. § 1983. He has since been released. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed with his claims.

## Motion to Dismiss

Defendant Sgt. Doane moves to dismiss the claims raised against him. (D.I. 16). Plaintiff did not file an opposition to the motion despite a May 14, 2014 deadline to do so. (*See* D.I. 24). The allegations against Sgt. Doane are that on August 17, 2013, Plaintiff fell in his cell and injured himself. His leg was broken and a bone was protruding. Plaintiff alleges that Sgt. Doane saw the injury and recognized the need for medical care, but refused to summon emergency medical attention and left Plaintiff lying on the floor for thirty minutes. Sgt. Doane told Plaintiff that he did not have "time for this" because he had "yard and commissary to let out and count to clear." (See D.I. 2 at 4). Plaintiff alleges that due to the delay, he has sustained a permanent lifelong handicap and needs assistance or support to stand or perform ordinary tasks. Sgt. Doane moves for dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies, and that the complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16, 17).

With regard to exhaustion of administrative remedies, the Complaint states that Plaintiff has exhausted all his available administrative remedies. (D.I. 2, ¶ II.C.1.). Sgt. Doane argues that dismissal is appropriate because the complaint is silent about the

steps Plaintiff took to exhaust his administrative remedies and, further, that Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act provides, "No action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under the PLRA is an affirmative defense, the inmate is "not required to specially plead or demonstrate exhaustion in [his complaint]." *Jones v. Bock*, 549 U.S. 199 (2007).

Contrary to Sgt. Doane's position, Plaintiff is not required to specially plead or demonstrate exhaustion in his Complaint. Although he was not required to do so, Plaintiff's Complaint does state that Plaintiff exhausted his available administrative remedies. While Sgt. Doane contends that Plaintiff did not exhaust his administrative remedies, he provides nothing in support of his position. Accordingly, at this juncture, the Court will deny the motion to dismiss for failure to exhaust administrative remedies.

Sgt. Doane also moves to dismiss on the grounds that the allegations against him fail to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

2

This Court previously reviewed the allegations in the Complaint and found that Plaintiff stated cognizable and non-frivolous claims. Nothing has changed since the Court's ruling. Plaintiff adequately alleges a claim against Sgt. Doane for violation of his Eighth Amendment Rights. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety)).

## Service

The record does not reflect that Defendant Robert Davenport has been served although an answer has been filed on his behalf. The answer asserts a fifteenth separate defense that "Plaintiff's claims are barred by failure of service, by failure of service of process . . . ." (D.I. 15 at 4). The Court will order counsel for Davenport to advise whether service has been effected upon Davenport.

## Conclusion

For the above reasons, the Court will deny Sgt. Doane's motion to dismiss. The Court will also order counsel for Davenport to advise whether service has been effected upon Davenport. An appropriate order will be entered.